**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-20615-PCH**



**CLOSED CIVIL CASE**

**ROMEL JOSE MONTILLA ROSILLO,**

      Petitioner,

v.

**ASSISTANT FIELD OFFICE DIRECTOR,**
U.S. Immigration and Customs Enforcement,

      Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Petitioner Romel Jose Montilla Rosillo's Motion to Enforce Habeas Judgment and Renew Due Process Claim ("Motion") [ECF No. 12]. Respondent filed a Response opposing Petitioner's Motion [ECF No. 13], and Petitioner filed a Reply in support of his Motion [ECF No. 14]. The Court held a hearing on the Motion on April 8, 2026. *See* ECF No. 15. The Court has considered the record, the parties' written submissions, and applicable law. For the reasons stated on the record at the April 8th hearing, which the Court hereby adopts and incorporates by reference, the Motion is denied as summarized below.

On February 25, 2026, this Court granted in part Petitioner's habeas petition [ECF No. 1] and ordered Respondents to "afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) within a reasonable period of time or otherwise release Petitioner." ECF No. 11 at 5. Respondents complied with that order, and a bond hearing was conducted before an

immigration judge on February 26, 2026. Mot. ¶ 4. Prior to the hearing, Petitioner submitted documentary evidence addressing the statutory bond factors. Mot. ¶ 29. "After full consideration of the evidence presented," the immigration judge denied bond. Order Denying Bond [ECF No. 12-2]. In particular, the immigration judge noted that Petitioner had been a member of SEBIN and DGCIM,[1] including having a high rank in SEBIN. *See generally* Immigration Hearing Transcript [ECF 14-1]. Petitioner has appealed the Immigration Judge's decision to the Board of Immigration Appeals (BIA). Reply at 9. This appeal is the appropriate process for challenging the findings of the immigration judge. *Hernandez v. Sukkar*, No. 25-cv-25773, DE 18 (S.D. Fla. March 4, 2026) (Williams, J.).

Petitioner now also challenges the validity of the bond hearing in this Court, arguing that the February 26th hearing "did not provide the individualized adjudication mandated by this Court's Order." Mot. ¶ 4. However, "[t]o the extent Petitioner challenges the substance, scope, or conduct of the bond hearing itself, including whether the immigration judge applied the proper framework or considered all relevant facts, those issues fall within the jurisdiction of the immigration court and the administrative appeals process." *Hernandez*, No. 25-cv-25773, DE 18 (citing *C.A.R.V. v. Wofford*, No. 25-cv-01395, 2026 WL 241823, at *9 (E.D. Cal. Jan. 29, 2026)). The Court's prior Order required that Petitioner receive an individualized bond hearing; it did not dictate the outcome of that hearing. As such, complaints about the immigration judge's conclusion must be presented through the normal administrative appeal process, an appeal to the BIA. *Id.*

---

[1] Servicio Bolivariano de Inteligencia Nacional (SEBIN) is Venezuela's civilian intelligence and counterintelligence agency, and Dirección General de Contrainteligencia Militar (DGCIM) is Venezuela's military counterintelligence agency. Both agencies have been found to have committed serious human rights violations including "[c]ases of torture and other cruel, inhuman, or degrading treatment or punishment of prisoners." *See* U.S. Dept. of State, Venezuela (https://www.state.gov/reports/2023-country-reports-on-human-rights-practices/venezuela/).

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Petitioner's Motion to Enforce Habeas Judgment and Renew Due Process Claim [ECF No. 12] is **DENIED,**

2. and this action is **DISMISSED**. All pending motions are **DENIED AS MOOT**. All deadlines and hearings are **CANCELED**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida this 8th day of April, 2026.

_____
**PAUL C. HUCK**
**UNITED STATES DISTRICT JUDGE**

cc: All Counsel of record

3